IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IN RE MICHAEL C. WORSHAM | : : : : : | MISC. CASE NO. 13-MD-401 (DISCIPLINARY) **UNDER SEAL** |

...o0o...

## REPORT AND RECOMMENDATION

On November 7, 2013, in an Order signed by Chief Judge Deborah K. Chasanow, Michael C. Worsham, Esquire, was immediately suspended from the bar of this court pending entry of a final order in this disciplinary proceeding. The suspension was entered pursuant to Standing Order 2013-07, permitting the Disciplinary and Admissions Committee to recommend suspension to the court "upon receipt of information that an active member of the bar is engaging in professional misconduct and poses an immediate threat of causing . . . (3) substantial harm to the administration of justice," and followed entry of a Show Cause Order in September 2013 to which Mr. Worsham responded in October 2013.

Mr. Worsham is entitled to and requested a hearing before a three-judge panel of this court before entry of a final disciplinary action. Local R. 705.1.d. (D. Md. 2011). He was advised that the basis for any disciplinary action would be the opinion of the U.S. Tax Court, affirmed by the Fourth Circuit, that Mr. Worsham fraudulently failed to file his 2006 tax return.[1] *See Worsham v. Comm'r*, T.C. Memo. 2012-219, No. 31151-09 (July 31, 2012), *aff'd*, *Worsham v. Comm'r*, 531 Fed. App'x 310 (4th Cir. 2013). Mr. Worsham filed a memorandum and

---

[1] A separate but related disciplinary matter was brought by the Maryland Attorney Grievance Commission in state court in May 2013. Findings of Fact and Conclusions of Law, which Mr. Worsham has appealed to the Maryland Court of Appeals, were entered on December 11, 2013. This report and recommendation is not based on those findings, nor does it address what, if any, disciplinary sanction may be appropriate following the eventual decision of the Court of Appeals.

1

exhibits on January 2, 2014, for the panel's consideration, and represented himself at the hearing held January 9, 2014, in this court.

This court applies the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals. Local R. 704 (D. Md. 2011). Rule 8.4(c) of the Maryland Rules of Professional Conduct provides that: "It is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ." In matters before the Court of Appeals, the "burden is on Bar Counsel to establish the allegations by clear and convincing evidence." *Attorney Grievance Comm'n of Md. v. Glenn*, 671 A.2d 463, 474 (Md. 1996). That standard was applied by the Tax Court. *Worsham*, T.C. Memo. 2012-219, at *6.[2]

At the hearing, as in his written response, Mr. Worsham did not deny what he called "intentional" acts of not filing tax returns, which he explained were based on his desire to challenge various aspects of the federal income tax laws, but did deny that he acted with fraudulent intent and denied that his arguments regarding the tax laws were "frivolous." Regarding tax years 2007-2012, he explained that he recently sent checks to the federal and state tax authorities for estimated amounts that the Internal Revenue Service ("IRS") might find were due, and that he had an accountant preparing tax return forms to be submitted to the IRS, but those had not yet been completed, signed, or filed. Mr. Worsham requested in the alternative, if the suspension is not entirely lifted, to be able to resume representing the clients he presently has as plaintiffs in this court.[3]

---

[2] As to the attorney, however, his burden "to establish factual matters in defense of his position or to demonstrate that mitigating circumstances existed at the time of the alleged misconduct" is proof by a preponderance of the evidence. *Glenn*, 671 A.2d at 474.

[3] Those cases include *Dorris v. Accounts Receivable Mgmt., Inc.*, Civil No. GLR-11-3453; *Asher & Simons, P.A. et al. v. J2 Global Canada, Inc. et al.*, Civil No. JKB-13-981; *Lynn v. Monarch Recovery Mgmt., Inc.*, Civil No. WDQ-11-2824; *Silverstein v. Westfax, Inc.*, Civil No. MJG-12-2430; and *Weiner et al. v. Dyche et al.*, GLR-13-1907.

In challenging the Tax Court's findings, Mr. Worsham argued that the Tax Court judge was biased because he had been an IRS attorney for many years. Mr. Worsham acknowledged, however, that he had no basis to assert that any of the three judges on the Fourth Circuit panel which affirmed the Tax Court's ruling were biased in favor of the IRS. He also argued that the Fourth Circuit had not found his arguments concerning the tax code "frivolous." He is correct that the Fourth Circuit declined to impose sanctions for a frivolous appeal. In rejecting his substantive arguments about the tax laws, however, the Fourth Circuit used descriptive phrases such as "clearly fails," "similarly unpersuasive," and "meritless." *Worsham*, 531 Fed. App'x at 311.

Considering Mr. Worsham's various arguments, we find nothing that would call into question the validity of the Tax Court's findings, made on the basis of clear and convincing evidence, and affirmed by the Fourth Circuit. Nor has Mr. Worsham offered anything by way of mitigation to excuse what he concedes are intentional acts. Indeed, he still wishes to obtain a further hearing on arguments that numerous courts have held are not meritorious.[4] The finding of fraudulent failure to file tax returns clearly warrants disciplinary sanction by this court.

As noted, Mr. Worsham requested in the alternative that he be allowed to continue representing plaintiffs in the cases already pending in this court.[5] *Lynn*, however, is on appeal; *Silverstein* has been stayed by Judge Garbis acting independently for reasons connected with the Maryland Attorney Grievance matter; *Dorris* has been administratively closed while the parties attempt to settle outside of federal court. *Asher* recently settled, and in *Weiner*, the individual

---

[4] Mr. Worsham referred the panel to a Freedom of Information Act suit he has pending before Judge Hollander of this court. *Worsham v. U.S. Dep't of Treasury*, Civil No. ELH-12-2635. In a comprehensive opinion issued September 17, 2013, Judge Hollander referred to Worsham's arguments as "well-worn and oft-rejected by the federal courts," and noted the Fourth Circuit's description of them as "unpersuasive" and "meritless." (ECF 49, Op. at 16).

[5] None of these cases involve income tax matters, and Mr. Worsham asserts that he does not provide tax advice to any client.

plaintiff may represent himself if he is not able to obtain new counsel.  In any event, the possible inconvenience to those few plaintiffs is outweighed by the court's responsibility to all litigants, including the defendants in the pending cases, to ensure that the members of its bar comply fully with the disciplinary rules.

The panel has considered the nature of Mr. Worsham's misconduct, together with his explanations, and the fact that he has begun to remedy his income tax situation by way of estimated payments.  We are not aware of any prior disciplinary action against him.  On the other hand, we remain concerned that he has not completely accepted responsibility for his obligations to comply, truthfully and honestly, with the established tax laws, and we consider the finding of fraudulent failure to file, while not a criminal offense, nonetheless very serious.  Our recommendation is that Mr. Worsham be indefinitely suspended from the practice of law in this court, with the right to reapply in two years from November 7, 2013.  *See, e.g.*, *Attorney Grievance Comm'n of Md. v. Sweitzer*, 911 A.2d 440, 447-52 (Md. 2006); *Attorney Grievance Comm'n of Md. v. Tayback*, 837 A.2d 158, 166-68 (Md. 2003); *see also Attorney Grievance Comm'n v. Katz*, 55 A.3d 909, 916-17 (Md. 2012).  Any application for reinstatement must demonstrate fitness in compliance with Local R. 705.4 (D. Md. 2011).

Dated: February 12, 2014.

/s/
Catherine C. Blake
United States District Judge


/s/
William D. Quarles
United States District Judge


/s/
Beth P. Gesner
United States Magistrate Judge